UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ROSE PORCENAT

    Plaintiff,                    CASE NO.:

v.

WELLS FARGO BANK, N.A.

    Defendant.
_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), has removed this cause to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  The grounds for removal are:

    1.    On or about November 18, 2022, a civil action was filed by Plaintiff Rose Porcenat in the Ninth Judicial Circuit, in and for Orange County, Florida, entitled *Rose Porcenat v. Wells Fargo Bank,* Case No. 2022-CA-010513-O.

    2.    Other than the filing of the Summons, Complaint, Civil Cover Sheet, and Return of Service, no proceedings have transpired in this matter.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served in this action are attached hereto.

FP 46246442.1

3. Wells Fargo was served on January 12, 2023. *See* Return of Service. This Notice of Removal is filed within thirty (30) days of the Complaint being served and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo, concurrently with the filing of this Notice of Removal, served written notice thereof to all adverse parties and will file a copy of this Notice with the Clerk of the Ninth Judicial Circuit, in and for Orange County, Florida, from which this case was removed. A copy of the Notice of Filing Notice of Removal that will be filed in the Ninth Judicial Circuit contemporaneously with this notice is attached hereto.

## **DIVERSITY JURISDICTION**

5. This action is within the original diversity of citizenship jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and this action is between citizens of different States. Specifically, the facts supporting diversity jurisdiction are as follows.

6. Wells Fargo is a federally chartered national banking association organized and existing under the laws of the United States of America. *See* Declaration of Cherian McWaine, at ¶ 3. Its main office is located at 101 North Phillips Avenue, Sioux Falls, South Dakota 57104, which is reflected in its Articles of Association. *Id.* Wells Fargo is not a citizen of Florida, it is a citizen of South Dakota. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (discussing citizenship standard for banks). Accordingly, the Court has federal diversity jurisdiction over this case.

7. Plaintiff is a citizen of the State of Florida because she is domiciled in this state. Her last known address according to Wells Fargo's records is in Clermont, Florida. *See* Declaration of Cherian McWaine, at ¶ 4.

8. Removal from state court based on diversity is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

9. Pursuant to her Verified Complaint, Plaintiff is seeking more than $100,000.00 in damages. Specifically, Plaintiff pled in her Verified Complaint, "[t]he Plaintiff is seeking relief under the law in excess of $100,000.00 and all other relief that the law permits."  *See* Complaint, at introductory paragraph.  Accordingly, it is apparent from the face of the Verified Complaint that Plaintiff seeks damages in excess of the $75,000 jurisdictional amount necessary to assert diversity jurisdiction.

10. For avoidance of doubt, the allegations set forth in Plaintiff's complaint clearly show that the amount in controversy exceeds $75,000.  Plaintiff is seeking compensatory and punitive damages, as well as attorneys' fees, for her claims of discrimination and retaliation under the Florida Civil Rights Act.  *See* Complaint, at introductory paragraph and at "relief sought" clause following ¶ 30.

11. Plaintiff was a Relationship Banker: her employment with Wells Fargo ended in October 2022. *See* Complaint, at ¶¶ 5. At the time of her separation from employment, Plaintiff was a full-time hourly employee earning $26.00 per hour — for a weekly pay of $1,040.00 or $54,080.00 per year, not including overtime premium

3

pay (if any). *See* Declaration of Cherian McWaine, at ¶ 5.

12. The Courts in this Circuit are divided with respect to the time frame for calculating back pay. Some believe back pay should be calculated from the date of the alleged adverse employment action to the date of trial, while others believe the end date is the date of removal. *Compare Gonzalez v. Honeywell International, Inc.*, Case No: 8:16–cv–33592017, WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (trial); *Cordell v. W.W. Williams Co.*, 16 F.Supp.3d 1351, 1359 (N.D. Ala. 2014) (trial) *with Salomon v. Ezcorp, Inc.*, 349 F.Supp.3d 1334, 1337 (S.D. Fla. 2018) (removal); *Quintano v. Fogo De Chao Churrascaria (Orlando) LLC*, Case No. 6:17–cv–1168, 2017 WL 3263101, at *2 (M.D. Fla. Aug. 1, 2017) (removal). Either way, the amount in controversy will be satisfied in this case.

13. As of the 12-month period ending June 30, 2022 the median time from the filing of a civil action to trial in this Court was 29.9 months. *See* Federal Court Management Statistics, Administrative Office, United States Courts, available at https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf. Therefore, a reasonable estimation of a trial date for this case is at least May 2025.

14. By the time a trial is estimated to occur, more than two and a half years will have elapsed since Plaintiff worked for Wells Fargo. Therefore, back pay damages can reasonably be estimated as at least $135,200.00, which represents only the time between Plaintiff's separation of employment with Wells Fargo and does not include the value of Plaintiff's alleged failure to promote/transfer claims. This also does not include the value of benefits, potential raises, or cost of living adjustments.

15. Approximately four months have elapsed between Plaintiff's separation date and this removal, yielding potential back pay damages in excess of approximately $18,000.00, based solely on Plaintiff's separation of employment. Again, this does not include other adverse employment actions asserted by Plaintiff, nor the value of benefits, potential raises, or cost of living adjustments.

16. A front pay damages assessment also supports Wells Fargo in this analysis. Some Courts in the Eleventh Circuit have held that it is reasonable to add one year of front pay to the amount in controversy in retaliatory discharge cases. *See Gonzalez*, 2017 WL 164358, at *2 (identifying examples of cases in the Circuit that have made this holding). Under the one-year measure, Plaintiff's potential damages would exceed $54,080.00, which nearly satisfies the amount in controversy based on the front pay calculation alone.

17. Plaintiff also seeks compensatory damages, and the Florida Civil Rights Act provides such damages for emotional distress. There is no cap on compensatory damages under Florida law. Fla. Stat. § 760.11(5); *see also Penalver v. Northern Elec., Inc.*, Case No. 12–cv–80188, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 7, 2012). Plaintiff alleges that Wells Fargo's conduct caused her to be "diagnosed with anxiety and depression related to her workplace trauma." *See* Complaint, at ¶ 11. The potential value of any damages on the basis of that allegation tip the scale further in favor of a finding that the amount in controversy exceeds $75,000.00.

18. Plaintiff may also seek "punitive damages," as her Complaint expressly contains a request for the Court to order "all other relief that the law permits." *See*

5

Complaint, at introductory paragraph. These damages are included in the amount in controversy determination. *See Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining jurisdictional amount in controversy in diversity cases, punitive damages must be considered. . . unless it is apparent to a legal certainty that such cannot be recovered"). When considering punitive damages as part of the jurisdictional amount, Wells Fargo need only show that such damages *could* be awarded in an amount necessary to reach the jurisdictional minimum, not that plaintiff is likely to recover damages in such an amount. *See McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). This further tips the scale in favor of a finding that the amount in controversy exceeds $75,000.00.

19. A reasonable amount for attorney's fees is also included in the amount in controversy calculation if the statute at issue authorizes the recovery of such fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The Florida Civil Rights Act authorizes an award of attorneys' fees. When added to back pay, front pay, compensatory damages, and punitive damages, Plaintiff's requested fees and costs make it quite clear that the amount in controversy exceeds $75,000.00.

20. Therefore, in addition to Plaintiff's verified allegation that she is seeking relief in excess of $100,000.00, it is readily apparent that the amount in controversy exceeds $75,000.00. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010) ("[I]t may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages") (internal quotes omitted); *see also Booker v. Doyon*

*Security Services, LLC*, NO. 16-cv-24146, 2017 WL 5202682, at *4 (S.D. Fla. Jan. 20, 2017) (finding jurisdictional threshold met where the defendant provided evidence of the amount of the plaintiff's salary and argued that back pay would exceed the jurisdictional threshold); *Cowan v. Genesco, Inc.*, Case No. 3:14–cv–261, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014) (finding court had "no difficulty in determining that the jurisdictional threshold [was] met" in a FCRA case where there was $45,000.00 of back pay at issue and plaintiff also sought other damages).

21.    Accordingly, it is facially apparent that the amount in controversy exceeds $75,000, as Plaintiff has specifically pled an amount in excess of $100,000.00. Regardless of any specific amount pled by Plaintiff, Wells Fargo has set forth sufficient evidence that the amount in controversy exceeds $75.000.00. In light of the foregoing, the court has diversity jurisdiction and removal is appropriate.

WHEREFORE, Defendant Wells Fargo respectfully requests that the above-described action pending in the Ninth Judicial Circuit, in and for Orange County, be removed to this Court.

Date: February 1, 2023                              Respectfully Submitted,

By:    */s/ Alex G. Desrosiers*
Alex G. Desrosiers
Fla. Bar No. 1017763
adesrosiers@fisherphillips.com
FISHER & PHILLIPS LLP
200 South Orange Avenue
Suite 1100
Orlando, Florida 32801
Telephone: (407) 541-0857
Facsimile: (407) 541-0887
*Attorneys for Defendant*

FP 46246442.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I further certify that a true and copy of the foregoing was sent via e-mail to: Counsel for Plaintiff, Jerry Girley, The Girley Law Firm, PA, 117 East Marks Street, Suite A, Orlando, FL 32803 (phyllis@thegirleylawfirm.com).

*/s/ Alex G. Desrosiers*
Alex G. Desrosiers
Fla. Bar No. 1017763
adesrosiers@fisherphillips.com
FISHER & PHILLIPS LLP
200 South Orange Avenue
Suite 1100
Orlando, Florida 32801
Telephone: (407) 541-0857
Facsimile: (407) 541-0887

*Attorneys for Defendant*